IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BARRY STRYKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv194 |
| | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| TIMOTHY S. DOWD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    In filing no. 13, the court's Memorandum and Order of December 7, 2005, the plaintiff was given until December 19, 2005 to file the Affidavit and Motion for Clerk's Entry of Default contemplated by Fed. R. Civ. P. 55(a) and until January 13, 2006, to file the Affidavit and Motion for Default Judgment contemplated by Fed. R. Civ. P. 55(b)(2). The court warned the plaintiff that in the absence of timely filings, he would be asked to show cause why this case should not be dismissed for lack of prosecution.[1]

    It appears to the court that this case has been abandoned. No activity by a party has occurred in the case since October of 2005. The only defendant who has been served with process has not entered an appearance, and, despite the court's instructions regarding Fed. R. Civ. P. 55, the plaintiff has taken no action. Accordingly, by **June 2, 2006**, the plaintiff shall show cause why this case should not be dismissed, without prejudice, for lack of prosecution. In the absence of a timely and sufficient showing of cause, the above-entitled case may be subject without further notice to dismissal, without prejudice, by District Judge Laurie Smith Camp.

    SO ORDERED.

    DATED this 19th day of May, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

---

[1] See NECivR 41.1, which states in pertinent part: "At any time when it appears that any action is not being prosecuted with reasonable diligence the court may dismiss it for lack of prosecution."