IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BARRY STRYKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv194 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| TIMOTHY S. DOWD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

After the defendant's failure to appear in this case, and the plaintiff's failure to pursue a default, the court issued an Order to Show Cause giving the plaintiff, Barry Stryker, a deadline to notify the court of any reason why this case should not be dismissed as abandoned. The plaintiff has responded (Filing No. 15) that he has been waiting for the court to send a summons to the defendant, Timothy S. Dowd for the plaintiff's medical records, as the plaintiff requested. However, the court cannot fulfill the plaintiff's request, as discussed below.

**Background**

The plaintiff explains in his complaint that he suffered a terrible injury at the Campbell's Soup plant where he worked. The plaintiff is now disabled. In the course of representing the plaintiff in litigation concerning the injuries, Timothy Dowd, an attorney, allegedly stole money from the plaintiff, committed legal malpractice, and refused to return the plaintiff's medical records. Both the plaintiff and the defendant reside in Nebraska. As a result of the foregoing facts, the court is forced to conclude that subject matter jurisdiction is absent in this case.

Furthermore, although Filing No. 6 purports to be a return of service executed upon Mr. Dowd, signed by the U.S. Marshal, it appears that the Marshal simply left the summons

at Dowd's place of employment with someone other than Dowd, rather than serving Dowd personally. Therefore, Dowd has not been properly served with process and has not been brought before the court as a party.

## Jurisdiction

Federal Question

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial federal claim. The complaint in this case does not state a basis for subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff may have a cause of action under state law, but the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. The issues relate to the defendant's breach of duties owed to the plaintiff under state law as his attorney.

Civil Rights

28 U.S.C. § 1343 grants the federal district courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law," that is, by a "state actor." Purely private individuals and entities who commit torts, i.e., civil

wrongs, against other private parties are generally not acting under color of state law when they commit those acts.  Lawyers representing clients in court are not state actors, i.e., acting under color of state law, within the meaning of 42 U.S.C. § 1983.  Therefore, jurisdiction in this case cannot be founded on 28 U.S.C. § 1343 and the federal civil rights laws.

<u>Diversity of Citizenship</u>

The complaint could be construed as intended to base subject matter jurisdiction on 28 U.S.C. § 1332 (diversity of citizenship).  However, the controversy in this case is between citizens of the same state.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant."  <u>Ryan v. Schneider National Carriers, Inc.</u>, 263 F.3d 816, 819 (8th Cir. 2001).  Because the plaintiff and the defendant are both citizens of Nebraska, the case lacks complete diversity of citizenship.

**Dismissal**

Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Although the plaintiff's claim could possibly be brought in a state court, the federal district courts lack subject matter jurisdiction to hear the plaintiff's complaint.  Subject matter jurisdiction is a serious concern in the United States courts because the federal district courts are courts of "limited jurisdiction," unlike the state district courts, which are courts of "general jurisdiction."

Because this court lacks subject matter jurisdiction, the plaintiff's complaint and this action will be dismissed, without prejudice. A separate judgment will be entered accordingly.

SO ORDERED.

DATED this 6th day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge